IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-DETROIT

| | |
|---|---|
| In re | Case No. 05-58779 |
| UNI BORING CO., INC. | Chapter 11 |
| Debtor. | Hon. Phillip Shefferly |
| _____ | |
| THE UNSECURED CREDITORS COMMITTEE, on behalf of the post-confirmation estate of UNI BORING CO., INC., | Adv. No. 07-_____ |
| Plaintiff, | |
| vs. | |
| PRECISION CAST IND., | |
| Defendant. | |
| _____ | |

**COMPLAINT FOR AVOIDANCE
AND RECOVERY OF PREFERENTIAL TRANSFERS**

Plaintiff, the Unsecured Creditors Committee, on behalf of the post-confirmation estate of Uni Boring Co., Inc., for its Complaint to Avoid and Recover Preferential Transfers, alleges as follows:

## The Parties

1. Plaintiff, the Unsecured Creditors Committee ("Plaintiff") has been duly authorized to pursue avoidance actions on behalf of the Debtor's post-confirmation estate pursuant to the Court's March 30, 2007 Order Confirming Debtor's Second Amended Chapter 11 Plan of Liquidation (the "Plan").

2. On June 9, 2005, Uni Boring Co., Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. From the Debtor's petition date until the effective date of the Plan, the Debtor operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor was in the business of producing precision machined parts, such as engine blocks and parts, and precision machining services, primarily to the automotive industry.

3. Defendant PRECISION CAST IND. ("Defendant") was, at all times material hereto, a vendor to the Debtor.

4. During the week of May 21, 2007, Plaintiff sent a letter to Defendant summarizing the preference avoidance and recovery claims set forth below, and inviting Defendant to discuss a possible resolution. This action failed because a resolution was not reached.

## Jurisdiction and Venue

5. The Court has jurisdiction over this matter under the Bankruptcy Code and pursuant to 28 U.S.C. §157(a) and §1334(a).

6. Venue in this district is proper pursuant to 28 U.S.C. §1409(a).

7. This adversary proceeding is commenced pursuant to Federal Rules of Bankruptcy Procedure 7001(1) and (9) and is a core proceeding under 28 U.S.C. §157(b).

## First Claim for Relief

### (Avoidance of Preferential Transfers -

### 11 U.S.C. § 547)

8. Plaintiff repeats and realleges the allegations in the above paragraphs, inclusive, as though fully set forth at length.

9. Within ninety days prior to the Petition Date, the Debtor made transfers to Defendant in the amount of $46,208.88, as more specifically described in Exhibit A attached hereto (the "Transfers").

10. The Transfers to Defendant were on account of an antecedent debt owed by the Debtor to Defendant before the Transfers were made.

11. The Transfers were made while the Debtor was insolvent; the Debtor is presumed to be insolvent during the 90 days preceding the filing of the petition. 11 U.S.C. § 547(f).

12. The Transfers to Defendant enabled it to receive more than it would have received if the Debtor's chapter 11 case were a case under chapter 7, if the Transfers had not been made, and Defendant received payment on the debt to the extent provided by Title 11 of the U.S. Code.

13. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

## Second Claim for Relief

### (For Recovery Of Property -- 11 U.S.C. § 550)

14. Plaintiff repeats and realleges the allegations in the above paragraphs, as though fully set forth herein.

15. As alleged above, Plaintiff is entitled to avoid the Transfers under 11 U.S.C. § 547. As the Defendant is the initial transferee of the Transfers, Plaintiff is entitled to recover for the estate the proceeds or value of the Transfers under 11 U.S.C. § 550.

16. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 550 that the proceeds or value of the Transfers is recovered for the benefit of the estate.

**WHEREFORE,** the Plaintiff prays for judgment as follows:

1. For a determination that the Transfers are avoidable as preferential transfers under Section 547 of the Bankruptcy Code, and that the Estate is entitled to recover the transfers under Section 550 of the Bankruptcy Code;

2. For costs of suit incurred herein, including, without limitation, attorneys' fees;

3. For pre- and post-judgment interest on the judgment amount to the fullest extent permitted by applicable law; and

4. For such other and further relief as the Court may deem just and proper.

DATED: June 7, 2007

        KILPATRICK & ASSOCIATES, P.C.

        /s/ Richardo I. Kilpatrick
        Richardo I. Kilpatrick (P35275)
        Leonora K. Baughman (P33534)
        903 N. Opdyke Road, Suite C
        Auburn Hills, MI 48326-2641
        Telephone:   (248) 377-0700
        Facsimile:    (248) 377-0800
        ecf@kaalaw.com

                and

        PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB LLP
        Andrew W. Caine (CA Bar No. 110345)
        10100 Santa Monica Blvd., Suite 1100
        Los Angeles, California 90067
        Telephone: (310) 277-6910
        Facsimile: (310) 201-0760

        Co-Counsel for Plaintiff
        The Unsecured Creditors Committee, on behalf of the post-confirmation estate of Debtor Uni Boring Co., Inc.

# Exhibit A

## PRECISION CAST IND.

| Date | Check # | Payment Amount |
|---|---|---|
| 3/31/2005 | 107875 | $46,208.88 |
| 1 | | $46,208.88 |